IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SAMANTHA BRITTINGHAM, | § | |
| | § | No. 33, 2023 |
| Appellant Below- | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. S22A-07-001 |
| UNEMPLOYMENT INSURANCE | § | |
| APPEAL BOARD, | § | |
| | § | |
| Appellee Below- | § | |
| Appellee. | § | |

Submitted: May 26, 2023
Decided: July 24, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     The appellant, Samantha Brittingham, filed this appeal from the Superior Court's January 4, 2023 order affirming the decision of the Unemployment Insurance Appeal Board ("UIAB").  We find no merit to the appeal and, therefore, affirm the Superior Court's judgment.

(2)     Brittingham began working for Delmar Pizza and Pasta Restaurant, Inc. ("Delmar Pizza") as a server in 2017.  In December 2021, Brittingham filed a claim

for unemployment benefits. She alleged that Delmar Pizza had recently reduced her hours.

(3) On January 27, 2022, a Department of Labor claims deputy concluded that Brittingham was ineligible for benefits because she was not unemployed under 19 *Del. C.* § 3302(17). Brittingham appealed that decision.

(4) On April 4, 2022, the appeals referee held a telephonic hearing on Brittingham's appeal. The appeals referee heard testimony from Brittingham, her manager, and Delmar Pizza's owner. The appeals referee affirmed the claim deputy's decision, finding that Brittingham was not unemployed under Section 3302(17) and was therefore ineligible for benefits. Brittingham appealed the appeals referee's decision to the UIAB.

(5) On May 18, 2022, the UIAB held a review hearing. The UIAB affirmed the appeals referee's decision, concluding that Brittingham did not meet the definition of unemployed under Section 3302(17) and was ineligible for benefits. Brittingham appealed the UIAB's decision to the Superior Court.

(6) In an order dated January 4, 2023, the Superior Court affirmed the UIAB's decision. The Superior Court held that the UIAB did not err in concluding that Brittingham was not unemployed under Section 3302(17). This appeal followed.

(7)     This Court's review of an appeal from the UIAB to the Superior Court is limited to a determination of whether there is substantial evidence in the record to support the UIAB's findings and whether such findings are free from legal error.[1] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[2] Like the Superior Court, this Court considers the record in the light most favorable to the party prevailing on the UIAB appeal.[3] We do not weigh the evidence, determine questions of credibility, or make our own factual findings.[4]

(8)     On appeal, Brittingham challenges the determination that she was ineligible for benefits after Delmar Pizza reduced her hours in December 2021. She also challenges the UIAB's handling of two other claims she filed.

(9)     There was substantial evidence to support the UIAB's finding that Brittingham was ineligible for benefits. Section 3302(17) provides:

> "Unemployment" exists and an individual is "unemployed" in any week during which the individual performs no services and with respect to which no wages are payable to the individual, or in any week of less than full-time work if the wages payable to the individual with respect to such week are less than the individual's weekly benefit amount plus whichever is the greater of $10 or 50% of the individual's weekly benefit amount. The Department shall prescribe regulations applicable to unemployed individuals making such distinctions in the procedures as to total unemployment, part-total unemployment, partial

---

[1] *Thompson v. Christiana Care Health System*, 25 A.3d 778, 782 (Del. 2011).
[2] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994).
[3] *Thompson*, 25 A.3d at 782.
[4] *Id.*

3

> unemployment of individuals attached to their regular jobs and other forms of short-time work as the Department deems necessary.

The Unemployment Insurance Regulations define a "partially unemployed individual" as "an employee who, during any given week, is still employed by his or her employer but worked less than his or her regular full-time hours because of the lack of full-time work."[5]

(10)  During the hearing before the appeals referee, Brittingham testified that Employer hired her in 2017 to work full-time.  She submitted several pay stubs from late 2019 reflecting that she had worked forty hours per week.  But Brittingham also testified that Employer had taken her off the schedule in December 2020 and did not call her back to work until April 2021.  The pay stubs Brittingham submitted from November 2021 and December 2021 reflected that she generally worked less than twenty hours per week.  Beginning in late December 2021 Brittingham's pay stubs reflected that she worked less than ten hours per week.

(11)  Employer's owner testified that all employees, including Brittingham, were hired to work as needed.  Brittingham's manager testified that she gave Brittingham the day shifts she had available.  There were night shifts available, but Brittingham could not work nights.  According to the owner, Brittingham had

---

[5] 19 *Del. Admin. C.* § 1202-22.1.

previously worked nights and was able to work thirty to forty hours per week then. Brittingham did not dispute that she could not regularly work nights.

(12) Giving appropriate deference to the UIAB's factual determinations and considering the record in the light most favorable to Delmar Pizza, we cannot conclude that the UIAB erred in finding that Brittingham was ineligible to receive unemployment benefits. The record contains substantial evidence to support the UIAB's determination that Brittingham did not meet the definition of unemployed under Section 3302(17) because she was not guaranteed a minimum number of hours when she was hired.

(13) Brittingham's remaining arguments relate to different claims she filed with the UIAB. One claim appears to arise from an injury she suffered while working in August 2021. The UIAB did not address this claim in resolving Brittingham's December 2021 claim. It is unclear if the UIAB ever resolved this claim. In any event, Brittingham's August 2021 claim is outside the scope of this appeal.

(14) The other claim arises from a claims deputy's determination in May 2022 that Brittingham was disqualified from receiving benefits for one year because she had falsely reported her wages in 2020 and 2021. After Brittingham twice failed to appear for a hearing before an appeals referee, the UIAB affirmed the appeals referee's affirmance of the claims deputy's decision and dismissal of Brittingham's

5

appeal. The Superior Court affirmed the UIAB's decision on February 22, 2023. Brittingham did not file a notice of appeal from the Superior Court's February 22, 2023 decision and cannot challenge that decision in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice